## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**VALANNA MCCURRY, an Individual**

> **Plaintiff,**

**v.**                                                 **Case No: 5:15-cv-549-Oc-32PRL**

**METROPOLITAN LIFE INSURANCE
COMPANY, CITIGROUP, INC. and
GLEN JOSHUA KUNSELMAN**

> **Defendants.**

_____

## ORDER

Before the Court is Plaintiff's unopposed motion to file an amended complaint.   (Doc. 22).

Plaintiff filed this cause in state court and Defendants Metropolitan Life Insurance Company and

Citigroup, Inc., based on federal question jurisdiction, removed to this Court.   (Doc. 1).

Defendants asserted that The Employee Retirement Income Security Act of 1974, 29 U.S.C.

§ 1001, et seq. ("ERISA") governed Plaintiff's purported state-law claims.   Then, Defendants

moved, under an ERISA preemption theory, to dismiss Plaintiff's state-law claims.   (Doc. 9, 13).

In Plaintiff's response to the motions to dismiss, she requested a ninety-day stay and limited

discovery in order to better determine whether ERISA governs her claim.   (Doc. 15).   This Court

then set a hearing on the motions to dismiss and the motion to stay.   (Doc. 21).

But twelve days before the scheduled hearing, Plaintiff filed the instant motion.   She

requests leave to amend in order to plead "her claims in this litigation pursuant to ERISA law."

(Doc. 22, p. 3).   She also asserts that her amended complaint will contain "essentially the same"

facts as those plead in her state-law claims and appears to concede that those claims are indeed preempted by ERISA.   (Doc. 22, pp. 5–6).

Under Federal Rule of Civil Procedure 15(a), "leave shall be freely given when justice so requires."   In making the determination, "a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment."   *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting v. Ga. Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982).   Here, according to Plaintiff, the Defendants do not oppose this extension.

Under Fed. R. Civ. P. 7(b), a plaintiff seeking to amend a complaint "must set forth the substance of the proposed amendment or attach a copy of the proposed amended complaint." *McGinley v. Florida Dep't of Highway Safety & Motor Vehicles*, 438 F. App'x 754, 757 (11th Cir. 2011); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999).   Here, Plaintiff has not attached any proposed amendment to her motion.   However, Plaintiff states that her amended complaint will rely on essentially the same facts as her state-law complaint and that she will "plead her claims pursuant to ERISA."   (Doc. 22, p. 6).

Upon due consideration, it is ordered:

(1) Plaintiff's unopposed motion is **GRANTED** and she shall file her amended complaint on or before **March 7, 2016**.

(2) The parties are ordered to comply with Local Rule 3.05(c)(2), meet, and then provide the Court with a Case Management Report on or before **March 14, 2016**.

(3) Defendants' motions to dismiss (Doc. 9, 13) Plaintiff's complaint are **TERMINATED AS MOOT**.

(4) Plaintiff's motion to stay (Doc. 15) is also **TERMINATED AS MOOT**.

(5)  The hearing scheduled for March 2, 2016 is cancelled.

**DONE** and **ORDERED** in Ocala, Florida on February 22, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties