**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**VALANNA MCCURRY, an Individual**

    Plaintiff,

v.                                                                  Case No: 5:15-cv-549-Oc-32PRL

**METROPOLITAN LIFE INSURANCE
COMPANY, CITIGROUP, INC. and
GLEN JOSHUA KUNSELMAN**

    Defendants.

## ORDER

On March 21, 2016, the District Judge referred this case to the undersigned for the preparation of a Scheduling Order and a Report and Recommendation regarding appropriate resolution of the case. (Doc. 28).

This is an action for disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff, *inter alia*, is challenging the administrative decision denying her the benefits of her deceased daughter's group life insurance policy. (Doc. 24). In their Case Management Report, the parties have set forth a proposed discovery plan. (Doc. 25). However, whether discovery is permitted in this case is apparently disputed.[1] (Doc. 25, p. 3). The Court must resolve this dispute before entering a Scheduling Order.

The Eleventh Circuit has established a "well-defined series of steps" for district courts to follow in "reviewing a denial of benefits decision in an ERISA case." *Glazer v. Reliance*

---

[1] The Court notes that Defendants Metropolitan Life Insurance Company and Citigroup, Inc. share counsel, but the case management report reflects that only MetLife opposes discovery at this time.

*Standard Life Ins. Co.*, 524 F.3d 1241, 1246 (11th Cir. 2008).  The court's inquiry begins with a review of the "'plan documents to determine whether they grant the administrator discretion' in making the benefit determinations."  *Id.*  The court next performs an initial *de novo* review to determine whether the benefits decision was "wrong."  *Id.* at 1246–47.  The court decides, based on the "record before the administrator at the time its decision was made," whether the court would have reached the same conclusion as the administrator.  *Id*. at 1246.  If the court determines that the administrator's decision was not "wrong," the court ends its inquiry and enters summary judgment for the administrator.  *Id.* at 1247.

If, on the other hand, the court concludes that the administrator's decision was "wrong," it then reviews the decision under the deferential "arbitrary and capricious standard."  *Doyle v. Liberty Life Assur. Co. of Boston*, 542 F.3d 1352, 1356 (11th Cir. 2008).  The court then determines "whether there was a reasonable basis for the decision," and this determination is "based upon the facts as known to the administrator at the time the decision was made."  *Glazer*, 524 F.3d at 1246.

Based on this standard of review, it is unclear, what role—if any—discovery will play in the resolution of this case.  On or before **May 6, 2016**, the parties shall confer to discuss this issue either in person or telephonically.  Then, on or before ten days after the conference, Plaintiff shall advise the Court as to the appropriate scope of discovery, with citation to legal authority, and on or before seven days after Plaintiff files her memorandum, the Defendants may file their responses.  After reviewing the parties' submissions, the Court will enter an appropriate Scheduling Order.

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on April 22, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties